**In re Joe Mack SMITH and Doyle Elizabeth Castilow Smith.**

**Bankruptcy No. 9509237 SEG.**

United States Bankruptcy Court, S.D. Mississippi.

Aug. 29, 1996.

---

F. Douglas Montague, III, Montague, Pittman & Varnado, Hattiesburg, MS, for Trustee.

Thomas L. Webb, Bourdeaux & Jones, Meridian, MS, for debtors.

*OPINION*

EDWARD R. GAINES, Bankruptcy Judge.

Before the Court is the motion for leave to file proof of claim out of time by C. Thomas Anderson, Trustee for Poplarville Stockyards, Inc., and the debtors' opposition thereto. Having considered the pleadings and memoranda submitted on behalf of the parties, as well as the evidence presented at trial and the arguments of counsel, the Court hereby concludes that motion should be granted and Anderson should be given leave to file the proof of claim out of time.

## I. FINDINGS OF FACT

1. On January 20, 1995, Poplarville Stockyards, Inc. filed a petition for relief under Chapter 7 of Title 11 of the United States Code. C. Thomas Anderson was appointed as Trustee for Poplarville Stockyards, Inc. in accordance with 11 U.S.C. Section 701.

2. On September 27, 1995, Joe Mack Smith and Doyle Elizabeth Castilow Smith filed a petition for relief under Chapter 11 of Title 11 of the United States Code.[1]

---

1. At times relevant to this factual background, Doyle Elizabeth Castilow Smith was President of Poplarville Stockyards, Inc. and Joe Mack Smith was the General Manager.

3. On October 20, 1995, an order was entered fixing February 20, 1996, as the last date to file proofs of claim.

4. Counsel for the Trustee of Poplarville Stockyards, Inc., F. Douglas Montague, filed timely a proof of claim in the Smith bankruptcy proceeding on behalf of Citrus Lands of Louisiana, Inc., in October of 1995, but failed to file timely a proof of claim for the Trustee of Poplarville Stockyards, Inc.

5. Discovery relating to the claims of C. Thomas Anderson, Trustee, included interrogatories and requests for production propounded in January of 1996, prior to the deadline for filings proofs of claim, responded to by the debtors in March of 1996, *after the deadline* in February of 1996. The attorney for the debtor and the attorney for the Trustee of Poplarville Stockyards, Inc. corresponded in regard to the matters relating to discovery and production of records in February and March 1996.

6. A motion for leave to file proof of claim out of time on behalf of Poplarville Stockyards, Inc., was filed on or about April 9, 1996, seven weeks after the deadline, by counsel for the Trustee of Poplarville Stockyards, Inc.

7. The debtors filed their disclosure statement and plan of reorganization on February 6, 1996, prior to the expiration of time prescribed for filing proofs of claim. The plan provides, in part, as follows:

3.7 Class 7 (Disputed, Unliquidated, Contingent Claims).

The creditors which have disputed, unliquidated, contingent claims, including all suits which relate to debts from the failure of Poplarville Stockyards, Inc. are to be contested and will be paid zero ($0.00) dollars under the plan. The Debtors have no personal liability to the corporate debt of Poplarville Stockyards, Inc.

8. Briefs were subsequently submitted by the parties and the matter proceeded to trial.

## II. CONCLUSIONS OF LAW

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Federal Rule of Bankruptcy Procedure 3003 provides the following with respect to the time for filing proofs of claim in cases filed under Chapter 11 of Title 11 of the Bankruptcy Code:

(3) Time for Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3) and (c)(4).

Federal Rule of Bankruptcy Procedure 3003(c)(3). Enlargement of the prescribed time is governed by Rule 9006(b) of the Federal Rules of Bankruptcy Procedure which provides, in part, as follows:

(b). Enlargement.

(1). In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Federal Rule of Bankruptcy Procedure 9006(b)(1).

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court stated the following in regard to excusable neglect:

Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control . . .

The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. . . .

507 U.S. at 387, 113 S.Ct. at 1495. The Court set forth four factors for consideration in determining whether neglect of a deadline is excusable:

This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 394, 113 S.Ct. at 1498. *See also, In re Eagle Bus Mfg., Inc.,* 62 F.3d 730 (5th Cir.1995).

The parties are in agreement that there is no issue here regarding a lack of good faith. This element, therefore, is not a factor for consideration by the court. In determining whether there is danger of prejudice to the debtor in allowing the claim to be filed, the Court finds guidance from the Fifth Circuit

in *In re Eagle Bus Mfg., Inc.,* 62 F.3d 730 (5th Cir.1995):

Another factor to consider is the potential prejudice that a debtor may face if an untimely proof of claim is allowed. The Claimants argue that the Debtor will not be prejudiced by these late filings because it was aware of these claims before negotiating and confirming the reorganization plan . . .

Under Pioneer, the central inquiry is whether the debtor will be prejudiced. We note that Greyhound's reorganization plan was negotiated and approved after Greyhound had notice of these claims. This is not a situation where the debtor's plan was formulated, negotiated, and confirmed before notice was given of a substantial late claim . . . Quite the contrary, these late filed claims were clearly expected by the debtor . . .

As we have stated, the allowance of these late filed claims would minimally affect the creditors because these claims were known and expected at the time of balloting. . . .

62 F.3d at 737–38.

As in the *Eagle Bus* case, the debtors here were clearly aware of, and in fact expected, the claims of the Trustee of Poplarville Stockyards, Inc. Debtors' counsel argues, in fact, that the debtors primary purpose was to eliminate the claims of personal liability of debtors as a result of corporate obligations and that the entire crux of the plan is completely dependent on exclusion of the claims of the creditors which the trustee represents. The ongoing discovery and correspondence between counsel also indicates a full awareness that the claims were being pursued. It can be concluded, therefore, that the debtors would suffer no prejudice of unexpected or unanticipated claims filed since they were fully expected, contemplated, and even provided for in the proposed plan.

Debtors' counsel argues that the expense of the substantial litigation that may result from these claims would be an undue burden that would be prejudicial to the debtors. It is argued that the time burden would make confirmation prohibitive and that the debtors simply do not have the funds to pay the

claims of the class the trustee represents and to confirm the plan for Farmer's Home and other creditors. However, the litigation that may follow the filing of the trustee's claim would be an expected part of the normal process of confirmation and claims litigation, since the debtors' plan provides that the claims would be contested. The continuation of this expected process and the costs of litigation should not be considered prejudicial to the debtor as a result of allowing claims to be filed late, under all the relevant circumstances of this case. Rather, a potential windfall to the debtor in not having to fund litigation that is contemplated and apparently necessary for the confirmation of the debtors' plan of reorganization would be the more evident result. *Cf. In re Brown,* 159 B.R. 710 (Bankr.N.J.1993) (increase in litigation costs is not the type of prejudice that will overcome liberal policy of allowing amendments under FRCP 15).

In considering the length of delay caused by the late filing of the claim, counsel for the trustee points out that the request to file was made seven weeks after the deadline, whereas in the *Eagle Bus* case the claim was allowed after six months and in *Pioneer* after three weeks. It is argued that the short delay would not disrupt or adversely impact the administration of the case. The Court agrees that the relatively short length of time is not prejudicial to the debtor or to the administration of the case given the posture of the case and the fact that the parties were actively dealing with the claim on an ongoing basis through discovery and correspondence.

Counsel for the Trustee of Poplarville Stockyards, Inc. has indicated, as a reason for the delay, that he mistakenly thought he had filed a proof of claim for the trustee at the same time he filed a claim on behalf of Citrus Lands of Louisiana, Inc., in October of 1995. In considering the overall relevant circumstances surrounding the failure to file the claim timely, and particularly in light of the trustee's diligent pursuit of the claim evidenced through discovery and correspondence prior to and beyond the claims dead-

line, the Court concludes, that it is in this case appropriate to allow the Trustee for Poplarville Stockyards, Inc. to file its claim out of time.[2]

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

2. The court's conclusion is limited to the allowance of the filing of the claim and does not address allowance on the merits of the claim, or under the proposed plan of reorganization. Such issues may be addressed by the Court upon the filing of appropriate pleadings and upon notice and hearing.